10-3625-ag
Cheng v. Holder

BIA
A072 484 741

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

SHOU CHENG,
> *Petitioner,*

v.                                          10-3625-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Rosanne M. Perry, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shou Cheng, a native and citizen of the People's Republic of China, seeks review of the August 9, 2010, decision of the BIA denying her motion to reopen. *In re Shou Cheng*, No. A072 484 741 (B.I.A. Aug. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Cheng's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (providing that this Court reviews the denial of reopening for abuse of discretion). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Cheng's 2010 motion was untimely and number-barred, as the final administrative decision was issued in 1995, and it was her second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time and number limitations do not apply to a motion to reopen, however, if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Cheng contends that her participation, while in the United States, in the Party for Freedom and Democracy in China ("PFD") constitutes changed circumstances.

As the BIA noted, Cheng's political activities in the United States reflect a self-induced change in personal circumstances and, therefore, do not exempt her motion from the applicable bars. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Cheng argues that the Chinese government is likely aware of her activities in the United States, but she provides no evidence to support such a claim. Nor is there evidence in the record to support her

2

contention. Moreover, Cheng does not argue that conditions have changed or worsened in China for democracy activists. In fact, she states that repression of pro-democracy parties in China "has been constant and unrelenting since the [PFD's] inception in 1989." Because Cheng did not begin participating in PFD activities until 2009, well after she was ordered removed, the BIA did not abuse its discretion in finding that she failed to meet an exception to the filing deadline and number bar for motions to re-open and in thus denying her motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3